Per Curiam.

The Associates Loan Company, a legal entity, may have been the owner of U. S. currency and thus subject to theft thereof. The loan company, an inanimate legal entity, could not have been put in fear, but it may be implied that a human person acting for the entity may have been put in fear. A corporation acts through its agents, human persons. The indictment was sufficient to apprise petitioner of the crime with which he was charged, and to which he pleaded guilty.
After a plea of guilty, judgment of conviction, and sentence by a court having jurisdiction of the subject matter and of the person of the defendant, such judgment of conviction is binding as between the state and the defendant and can be set aside only by a direct and not a collateral attack. Mills v. Maxwell, Warden, 174 Ohio St., 523. See State v. Wozniah, 172 Ohio St., 517, at 522 and 523.
Petitioner places reliance on the case of State v. Cimpritz, 158 Ohio St., 490. In that case, the accused did not plead guilty but attacked the indictment at his earliest opportunity, by motion to quash, and appealed from the judgment of conviction.
Petitioner’s remedy, if any, was by appeal, not by habeas corpus. Bolin v. Maxwell, Warden, 173 Ohio St., 517.
“Within 30 days after judgment and sentence,” one determined by such judgment to be guilty of a crime has a right to appeal from that judgment of conviction. Section 2953.05, Revised Code.
On such appeal, the one so convicted may raise any valid objection which he may then have to that judgment of conviction. Of course, such one’s previous actions before that appeal may have been such as to prevent his successfully attacking that judgment of conviction on appeal. See State v. Glaros, 170 Ohio St., 471.
After those 30 days from judgment and sentence, “such appeal may be taken only by leave of the court to which the appeal is taken.” Section 2953.05, Revised Code.
Where a valid reason is advanced by an appellant for not instituting such appeal more promptly and where apparently valid objections to such judgment of conviction are raised thereby and where it does not appear that appellant’s previous actions have been such as to prevent his raising of those objections, *371 the Court of Appeals will, in the exercise of its discretion, grant a leave for such appeal.
Thus, in the instant case, petitioner had an adequate remedy either in the trial court or by way of appeal to the Court of Appeals to make the same attack on the indictment which he now is endeavoring to make in this habeas corpus action. In such an instance, petitioner will not be permitted to make that attack in a habeas corpus proceeding.
Where no reason is advanced by an appellant as to why an appeal could not reasonably have been instituted “within 30 days after * * * judgment and sentence,” the Court of Appeals may, in the exercise of its discretion, deny leave to appeal. In doing so, the court need advance no reason for its action. The burden is on the one appealing to show affirmatively a right thereto.
The fact that the Court of Appeals did deny petitioner’s previous application for leave to appeal in such an instance does not indicate that petitioner has not had an adequate legal remedy to raise the questions which he now seeks to raise in this habeas corpus proceeding.
The judgment of the Court of Appeals is affirmed.
Judgment affirmed.
Taft, C. J., Zimmerman, Matthias, O’Neill and Griffith, JJ., concur.
Herbert, J., dissents on authority of State v. Cimpritz, 158 Ohio St., 490.